```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                      ATHENS DIVISION
```

APRIL DOWLING, WILLIAM SMITH,           *
DEBRA SCOTT, IVAN SELINAS,
TERESA MOORE, SELINA CONTRERAS,         *
and others similarly situated,
                                        *        CASE NO. 3:08-CV-73(CDL)
      Plaintiffs,
                                        *
vs.
                                        *

ATHENS AHMED FAMILY RESTAURANT,         *
INC., d/b/a IHOP, and MOHAMED
AHMED, an individual,                   *

      Defendants.                       *

                                        *

O R D E R

Plaintiffs April Dowling, William Smith, and Debra Scott initiated this action against Defendants, seeking to recover minimum wage and overtime compensation allegedly withheld from them by Defendants in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. After filing the lawsuit, all three Plaintiffs terminated their relationship with legal counsel, received money from Defendants in an attempt to satisfy their FLSA claims, and expressed disinterest in continuing the litigation. Therefore, Defendants contend that all three Plaintiffs' claims against Defendants should be dismissed with prejudice. Plaintiffs, on the other hand, oppose the dismissal of any FLSA claims and request that the Court not approve any alleged settlements. Presently pending before the Court

1

are (1) Defendants' Motion to Dismiss with Prejudice April Dowling's Claims against Defendants and Approve Settlement Agreement between Dowling and Defendants (Doc. 37, hereinafter Mot. to Dismiss Dowling) and (2) Defendants' Motion to Dismiss Debra Scott's and William Smith's Claims against Defendants (Doc. 38, hereinafter Mot. to Dismiss Scott & Smith).  For the following reasons, Defendants' motions are denied.

## BACKGROUND

**I.   Plaintiff April Dowling**

On January 7, 2009, Plaintiff April Dowling ("Dowling") unilaterally contacted Defendants' then counsel, Gordon Berger. After Berger informed Dowling that he could not communicate with her while she was represented by counsel, Dowling terminated her relationship with her counsel, Penn Dodson, via fax.  Dowling originally claimed that she "was under no duress or pressure of any sort to terminate Ms. Dodson's representation."  (Dowling Aff. ¶¶ 3-4, Jan. 8, 2008; Ex. A to Dowling Aff.)  After terminating her attorney-client relationship with Dodson, Dowling contacted Berger again and informed him that she wanted to settle her claims against Defendants.

On January 8, 2009, Dowling entered into a Confidential Settlement Agreement and Release ("Settlement Agreement") with Defendants.  (Ex. D to Mem. in Supp. of Mot. to Dismiss Dowling, Confidential Settlement Agreement and Release [hereinafter Settlement

Agreement].) The Settlement Agreement provided, in pertinent part, that Dowling would receive $5,500 in consideration for the dismissal and release of all claims against Defendants. (Settlement Agreement at 3-5.) Pursuant to the Settlement Agreement, Dowling was required to filed a Voluntary Dismissal with Prejudice with the Court, which she did on January 8, 2009. (Voluntary Dismissal with Prejudice, Jan. 8, 2009 [hereinafter Voluntary Dismissal]; *see* Settlement Agreement at 5.) Dowling claimed at that time that "[n]either Defendant nor [D]efendants' counsel in this case pressured, threatened or otherwise forced [her] to settle [her] claims in this suit." (Dowling Aff. ¶ 9.)

Although Dowling previously claimed that the filing of her Voluntary Dismissal and acceptance of money were not prompted by improper means, Dowling now contends that these actions were "a desperate attempt to get away from [an] harassing environment." (Dowling Decl. ¶ 9, Feb. 17, 2009.) Dowling contends that "[i]f [she] had been in a situation in which [she] was working in an environment free from [] harassment and retaliation[,] [she] would not have felt such a compelling need to get away." (*Id.*) Dowling wishes to continue with the lawsuit and reinstate her attorney-client relationship with Dodson. (*Id.* ¶ 10.) Dowling also requests that the Court not approve the Settlement Agreement she entered into with Defendants. Defendants, on the other hand, contend that Dowling's claims should be dismissed pursuant to Federal Rule of Civil

Procedure 41, and they seek judicial approval of the Settlement Agreement.

## II.  Plaintiffs Debra Scott and William Smith

On September 11, 2008, both Plaintiff Debra Scott ("Scott") and William Smith ("Smith") signed written notices terminating their relationship with legal counsel and expressing their desire not to "pursue any further action against [Defendants]."  (Ex. A to Mot. to Dismiss Scott & Smith.)  The following day, Scott and Smith each received approximately $2,000 from Defendants in an attempt to satisfy their FLSA claims.  (*See, e.g.*, Traylor Decl. ¶¶ 12-17, Feb. 13, 2009; Reply in Supp. of Defs.' Mots. to Dismiss 4-6.)  On January 8, 2009, Scott and Smith signed a second written notice confirming their lack of interest in participating in this action against Defendants.  (Ex. B to Mot. to Dismiss Scott & Smith.)

Defendants contend that Scott's and Smith's claims should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).  Defendants also contend that any alleged settlement between Defendants and Scott and Smith does not require judicial approval because "[t]here is nothing in the law that requires an employer to seek court approval before fully compensating its employees for a pending [FLSA] claim."  (Reply in Supp. of Defs.' Mots. to Dismiss 5.)  Plaintiffs oppose dismissal and contend that any settlement of FLSA claims between an employer and its employees requires judicial approval.

4

DISCUSSION

**I.   Federal Rule of Civil Procedure 41**

Defendants contend that all three Plaintiffs' claims should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41. For the following reasons, the Court disagrees.

<u>A.   Plaintiff April Dowling</u>

Defendants contend that Dowling's Voluntary Dismissal filed with this Court on January 8, 2009 was proper under Federal Rule of Civil Procedure 41(a)(1). It was not. Rule 41(a)(1) provides, in pertinent part, that a plaintiff "may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Here, Dowling's Voluntary Dismissal was neither filed before Defendants answered, nor filed with a stipulation of dismissal signed by all parties. Furthermore, although Defendants contend that Dowling's Voluntary Dismissal was proper despite Dowling's failure to comply strictly with Rule 41(a)(1)(A)(ii), *see Watwood v. Barber*, 70 F.R.D. 1, 3 (N.D. Ga. 1975), the Court declines to accept the dismissal, considering the circumstances under which it was filed and Dowling's rescission of it. Accordingly, the Court denies Defendants' motion to dismiss as to Dowling.[1]

---

[1] The Court notes that dismissal of Dowling's claims pursuant to Rule 41(a)(2) would also not be proper because Dowling has withdrawn any "request" to dismiss her claims against Defendants. Fed. R. Civ. P. 41(a)(2) ("[A]n action may be dismissed at the plaintiff's request . . .

5

### B.   Plaintiffs Debra Scott and William Smith

Defendants contend that Scott and Smith have abandoned their claims against Defendants, and therefore, their FLSA claims should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).[2]  The Court finds Defendants' motion premature.  While it appears that Scott and Smith may have lost interest in pursuing their claims in light of their purported settlement with Defendants, the record is not entirely clear on this point.  Moreover, as explained in the following section of this Order, the settlement was never approved by the Court as required by the FLSA.  Therefore, the Court denies Defendants' motion to dismiss at this time.

## II.  **Judicial Approval of Settlement Agreements**

### A.   Plaintiff April Dowling

Defendants seek judicial approval of the Settlement Agreement they entered into with Dowling. (Reply in Supp. of Defs.' Mot. 3-4.) "There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982).

---

by court order, on terms that the court considers proper.").

[2]Rule 41(b) provides, in pertinent part, that

> [i]f the plaintiff fails to prosecute or to comply with th[e] [Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

These are: (1) "a [29 U.S.C. §] 216(c) payment supervised by the Department of Labor" and (2) "a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resulution [sic] of a bona fide dispute over FLSA provisions." *Id.* at 1355. Here, because Dowling brought a private action against Defendants, the Settlement Agreement may be approved by the Court only after the Court "scrutiniz[es] the settlement for fairness." *Id.* at 1353.

In this case, the Court refuses to approve the alleged settlement with Dowling at this time. The Court is concerned about the fairness of the settlement given the circumstances under which Dowling discharged her lawyer and entered into the "settlement" without legal representation while allegedly being subjected to a hostile environment. Accordingly, the Court does not approve the Settlement Agreement at this time.

### B. Plaintiffs Debra Scott and William Smith

Plaintiffs contend that Defendants must seek judicial approval of any alleged settlement between Defendants and Scott and Smith; Defendants, on the other hand, contend that "[t]here is nothing in the law that requires an employer to seek court approval before fully compensating its employees for a pending [FLSA] claim." (Reply in Supp. of Defs.' Mots. to Dismiss 5.) Defendants are plainly mistaken. While they may not need Court approval to compensate their

employees for past overtime or other owed compensation, they certainly need approval of any settlement that requires the employees to give up their claims. Recognizing the unequal bargaining power between an employer and its employees, Eleventh Circuit precedent provides that the FLSA *does not* authorize private settlements between employers and employees. *Lynn's Food Stores, Inc.*, 679 F.2d at 1353 n.7. Therefore, claims in this case arising under the FLSA can only be *settled* or *compromised* by approval of the Court. *Id.* at 1353. Thus, *if* a settlement agreement has been reached between Defendants and Smith and Scott, the parties *must* submit a copy of the agreement for judicial approval. Until then, Scott's and Smith's FLSA claims remain pending.

## CONCLUSION

As discussed above, the Court denies (1) Defendants' Motion to Dismiss With Prejudice April Dowling's Claims and Approve Settlement Agreement (Doc. 37) and denies (2) Defendants' Motion to Dismiss Debra Scott's and William Smith's Claims against Defendants (Doc. 38).

Since these claims remain pending for adjudication or proper settlement, the Court orders Plaintiffs Dowling, Smith and Scott to return any money paid to them by Defendants in the attempted settlement of their claims if they have not already done so. That money shall be returned to Defendants within 21 days of the date of

this Order.  If that money is not returned as ordered, the Court will reconsider its decision not to dismiss these Plaintiffs' claims.

IT IS SO ORDERED, this 28th day of April, 2009.

                                    S/Clay D. Land
                                       CLAY D. LAND
                                UNITED STATES DISTRICT JUDGE