```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA
                    ATHENS DIVISION
```

| | |
|---|---|
| APRIL DOWLING, WILLIAM SMITH, and DEBRA SCOTT, and others similarly situated, | * * |
| Plaintiffs, | *   CASE NO. 3:08-CV-73(CDL) |
| vs. | * |
| ATHENS AHMED FAMILY RESTAURANTS, INC. d/b/a IHOP, and MOHAMED AHMED, an individual, | * * |
| Defendants. | * |
| | * |

O R D E R

INTRODUCTION AND SUMMARY OF RULINGS

The presentation of the pending motions to this Court is not a model of clarity. Consequently, the Court finds it necessary to outline the present procedural posture of this case and to state clearly and succinctly its rulings to avoid future confusion as this case proceeds. There are presently three named Plaintiffs in this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* They are April Dowling, William Smith, and Debra Scott. The FLSA claims in the present action are asserted against two named Defendants, Athens Ahmed Family Restaurants, Inc. d/b/a IHOP and Mohamed Ahmed. In addition to their own individual FLSA claims, Plaintiffs seek conditional certification of this collective action

1

for unpaid wages, so that they may assert FLSA claims on behalf of other similarly situated employees (Doc. 27).

After filing their motion for conditional certification, Plaintiffs filed a motion to amend their First Amended Complaint and to add three additional named Plaintiffs, Ivan Selinas, Teresa Moore, and Selena Contreras, and seven additional named Defendants that have some alleged affiliation with the presently named Defendants (Doc 48).[1] To add to the confusion, the proposed new Plaintiffs had filed opt-in notices with the Court seeking to opt-in to the collective action even before it has been certified, and two of those proposed Plaintiffs, Selinas and Contreras, had never been employed by Athens Ahmed Family Restaurants, Inc., the present named Defendant and the employer of the present named Plaintiffs.  Instead Selinas and Contreras were employed by Bosami, LLC, which is one of the Defendants Plaintiffs seek to add.  The seven Defendants Plaintiffs seek to add are Jay Lynn Ahmed, Georgia Restaurant Group, LLC, 4402, Inc. d/b/a IHOP-Conyers, Bosami, LLC d/b/a IHOP-Loganville, Stone Mountain Family Restaurant, LLC d/b/a IHOP-Lilburn, Adam Ahmed

---

[1] Frankly, it is not clear that Plaintiffs' present motion to amend and for joinder seeks to add Selinas, Moore and Contreras as named Plaintiffs.  There appears to be some confusion as to their present status in light of the fact that they have attempted to "opt-in" to this action, although no collective action has been certified yet.  Notwithstanding the lack of clarity in Plaintiffs' motion, the Court finds that Plaintiffs are seeking to amend their present Complaint to add Selinas, Moore, and Contreras as named Plaintiffs in this case.  (*See* Mot. for Joinder and to Amend Compl. 1 ("The purposes of the amendment are to join and accurately name the appropriate Defendants and *Plaintiffs*[.]") (emphasis added)).

Investments, LLC d/b/a IHOP Scenic Hwy., and Sarah Ahmed Restaurant, LLC d/b/a IHOP-Monroe.

In addition to their motion to add new parties with new FLSA claims, Plaintiffs also seek to add non-FLSA claims related to alleged witness tampering and seek to otherwise "clarify" their claims. Regrettably, Plaintiffs have failed to file a proposed second amended complaint with their motion, thus making it more difficult for the Court to ascertain the exact changes that Plaintiffs seek to make to their present Complaint. Nevertheless, having painstakingly pieced together Plaintiffs' contentions from their disappointingly confusing brief, the Court finds that Plaintiffs have failed to sufficiently allege new claims for witness tampering and RICO violations. Therefore, Plaintiffs' motion to amend their First Amended Complaint to add these additional non-FLSA claims is denied. As to Plaintiff's motion to add additional parties and FLSA claims on behalf of and against those respective new parties, the Court grants Plaintiffs' motion to add Selinas, Moore, and Contreras as named Plaintiffs, and the Court grants Plaintiffs' motion to add Bosami, LLC d/b/a IHOP Loganville as a Defendant. Accordingly, Plaintiffs are permitted to amend their First Amended Complaint (1) to add the FLSA claim of Moore against her alleged employers, Defendants Athens Ahmed Family Restaurants, Inc. d/b/a IHOP, and Mohamed Ahmed and (2) to add the FLSA claims of Selinas and Contreras against their alleged employers, Bosami, LLC d/b/a IHOP-Loganville and Mohamed Ahmed. Plaintiffs' motion to amend and for

3

joinder is otherwise denied, and therefore, Plaintiffs shall not include any additional changes to the second amended complaint other than those permitted by this Order.

Plaintiffs shall have fourteen days from the filing of this Order to file a second amended complaint as permitted by this Order. That amended complaint shall be promptly served upon the Defendants. Defendants shall have twenty-one days from the date of service of the amended complaint to file responsive pleadings as to the second amended complaint. Because Plaintiffs sought conditional certification of this collective action prior to perfecting and amending their First Amended Complaint, the presently pending motion for conditional certification (Doc. 27) is now moot and thus denied. Plaintiffs shall file their amended motion for conditional certification of the present action, as amended, within fourteen days of the filing of today's Order.  Defendants shall have twenty days from the date of service of the amended motion for conditional certification to file their response to the motion.  Within fourteen days of service of Plaintiffs' second amended complaint on the last served Defendant, the parties shall submit a joint proposed amended scheduling/discovery order to the Court.

DISCUSSION

**I.   Motion to Amend**

    A.   <u>Motion to Amend Standard</u>

Federal Rule of Civil Procedure 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading[.]" At any time thereafter, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A "court should freely give leave when justice so requires." *Id.* However, a court may deny leave to amend "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam). The Eleventh Circuit has found that "'denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.'" *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)). The proposed amended complaint must include sufficient factual allegations "'to raise a right to relief above the speculative level'" and "'to raise a reasonable expectation that discovery will reveal evidence of'" the plaintiff's claim or claims. *Watts v. Fla.*

*Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 556 (2007)).

B.   Plaintiffs' Motion to Amend

Plaintiffs seek leave of the Court pursuant to Federal Rule of Civil Procedure 15(a)(2) to amend their First Amended Complaint to add claims of witness tampering conspiracy under 42 U.S.C. § 1985(2),[2] along with state and federal Racketeer Influenced and Corrupt Organizations Act ("RICO") counts of witness interference. (Mot. for Joinder and to Amend Compl. 3.)  Defendants contend that Plaintiffs have failed to include sufficient factual allegations "to raise a right to relief above the speculative level," and therefore, Plaintiffs' motion should be denied.  The Court agrees.  Here, Plaintiffs have failed to allege *any* factual allegations to support their claims, and instead, merely assert that they "seek to add

---

[2] 42 U.S.C. § 1985(2) provides that a conspiracy to commit unlawful witness tampering occurs

> [i]f two or more persons in any State or Territory conspire, to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his  person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws[.]

6

additional claims related to . . . Defendants' conduct over the course of this litigation." (Mot. for Joinder and to Amend Compl. 3.) Because Plaintiffs have failed to allege any factual allegations to support their claims, the Court denies Plaintiffs' motion to amend as futile. *See, e.g., Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc) (recognizing that unsupported conclusions of law are not sufficient to withstand a dismissal under Rule 12(b)(6)).

Plaintiffs also seek leave to "clarify" the existing claims in their First Amended Complaint. This "fix-it-as-you-go" approach is inconsistent with the Federal Rules of Civil Procedure and fails to meet this Court's expectations for attorneys practicing before it. Plaintiffs seek this "pass" to improve their First Amended Complaint without providing the Court with the proposed amendments with any level of specificity. Either Plaintiffs' counsel does not yet know what those amendments are, which demonstrates an inexcusable level of unpreparedness, or Plaintiffs' counsel was simply too busy to include the specific amendments in the motion to amend. Either way, the Court refuses to allow amendments which it has insufficient information to evaluate. Therefore, that portion of Plaintiffs' motion to amend is likewise denied.

**II. Motion for Joinder**

    A.   <u>Motion for Joinder Standard</u>

Federal Rule of Civil Procedure 20(a)(2) governs permissive joinder of defendants, and it provides, in pertinent part, that permissive joinder is permitted if two conditions are met: (1) "any right to relief is asserted against the[e] [defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all defendants will arise in the action."  In making a joinder decision, the Court "is guided by the underlying purpose of joinder, which is to 'promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits.'" *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir 2002) (per curiam) (quoting *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000)).

    B.   <u>Plaintiffs' Motion for Joinder</u>

In a convoluted attempt to sue every possible entity with any connection to the existing named Defendants regardless of whether the existing named Plaintiffs (or the proposed additional Plaintiffs for that matter) were ever employed by those Defendants, Plaintiffs seek leave of the Court pursuant to Federal Rule of Civil Procedure 20(a)(2) to join the following Defendants:

    (1)   Jay Lynn Ahmed, an individual;
    (2)   Georgia Restaurant Group, LLC ("GRG");
    (3)   4402, Inc. d/b/a IHOP-Conyers;
    (4)   Bosami, LLC d/b/a IHOP-Loganville;

>    (5)  Stone Mountain Family Restaurant, LLC d/b/a IHOP-Lilburn;
>    (6)  Adam Ahmed Investments, LLC d/b/a IHOP-Scenic Hwy.; and
>    (7)  Sarah Ahmed Family Restaurant, LLC d/b/a IHOP-Monroe.

(Mot. for Joinder and to Amend Compl. 2.) Here, Plaintiffs Dowling, Scott, and Smith, and proposed Plaintiff Moore work, or have worked, at the Athens IHOP run under Athens Ahmed Family Restaurants, Inc. d/b/a IHOP. Proposed Plaintiffs Selinas and Contreras work, or have worked, at the Loganville IHOP run under Bosami, LLC d/b/a IHOP-Loganville. Plaintiffs allege that named Defendant Mohamed Ahmed is also their employer under FLSA. Plaintiffs make no allegations as to the basis for any claims that they may have against any of the other proposed Defendants. Therefore, Plaintiffs' motion to join those Defendants is denied.[3]

The Court does find that Plaintiffs should be permitted to amend their First Amended Complaint to include (1) FLSA claims by Moore against Athens Ahmed Family Restaurants, Inc. d/b/a IHOP and Mohamed Ahmed and (2) FLSA claims by Selinas and Contreras against Bosami, LLC d/b/a IHOP-Loganville and Mohamed Ahmed. As to these claims, the

---

[3]Plaintiffs do make a half-hearted attempt to explain their rationale for adding Jay Lynn Ahmed as a Defendant. They contend that she is likely to be found to be an employer under FLSA; yet they provide no factual allegations supporting this conclusion. To be an employer under FLSA, Jay Lynn Ahmed must have "either be[en] involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008). No such allegations are made in Plaintiffs' motion and thus Plaintiffs have not carried their burden for joining Jay Lynn Ahmed as a Defendant.

Court finds that Plaintiffs have satisfied Rule 20(a)(2). Plaintiff Moore alleges that she was employed by Athens IHOP and that Ahmed exercised sufficient control to be deemed an employer under FLSA. The Court finds that these allegations are sufficient to permit her to assert her FLSA claims in this action. They are similar to the existing claims by the existing Plaintiffs and are against the same existing Defendants.

The Court likewise finds that Plaintiffs have sufficiently alleged that Ahmed controlled the Loganville IHOP and that the alleged FLSA violations there arose from common policies and conduct similar to the policies and conduct giving rise to the alleged FLSA violations at the Athens IHOP. Therefore, the Court finds that the alleged violations as to Selinas and Contreras share sufficient commonality with the claims asserted by Dowling, Smith, Scott and Moore such that those claims should be joined in this one action.[4]

---

[4] This ruling on joinder should not be interpreted to mean that the Court has found that the Athens employees are similarly situated with the Loganville employees or with the employees of any other IHOP owned by Defendants such that certification of this action as a collective action would be appropriate. The Court will address that issue after the parties have briefed the amended motion for certification, which briefing hopefully will be more coherent than the previous briefing on this subject. Part of the problem with Plaintiffs' previous motion for conditional certification is that it sought to certify a class of employees who were not even employed by any of the named Defendants, and it sought to have the named Plaintiffs appointed as class representatives for employees who were not even alleged to be employed by the same employer as the named Plaintiffs. In light of today's Order, the only named Plaintiffs are Dowling, Smith, Scott, Moore, Selinas and Contreras, and the only named Defendants are Athens Ahmed Family Restaurants, Inc. d/b/a IHOP, Bosami, LLC d/b/a IHOP-Loganville, and Mohamed Ahmed. Thus, any collective action could only be certified as to these employers and on behalf of employees of these employers. If Plaintiffs disagree with this principle, then they should cite legal authority in their amended

As to Defendants' contention that they will be prejudiced by a joint trial of all these claims, the Court has the authority to sever the cases for trial if it ultimately concludes that Defendants' fears are well founded. Finally, Defendants' argument that Plaintiffs' claims are subject to mandatory arbitration would be more persuasive in a motion to compel arbitration than in opposition to the pending motion for joinder.

## CONCLUSION

As discussed above, Plaintiffs' Motion for Joinder and to Amend Complaint (Doc. 48) is granted in part and denied in part. Plaintiffs' motion for conditional certification (Doc. 27) is denied as moot. The parties shall comply with the rulings of the Court as specifically set forth in the "Introduction and Summary of Rulings" section of this Order, *supra.*

IT IS SO ORDERED, this 13th day of May, 2009.

    S/Clay D. Land

    CLAY D. LAND
    UNITED STATES DISTRICT JUDGE

---

conditional certification motion that supports their position.